IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROUTE APP, INC.,<br><br>        Plaintiff,<br>v.<br><br>MARC HEUBERGER, ELEVATIONE, and NAVIDIUM APP,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE<br><br>Case No. 2:22-CV-291-TS-JCB<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Alternative Service. For the reasons discussed below, the Court will deny the Motion.

I.     BACKGROUND

Plaintiff Route App, Inc. ("Plaintiff" or "Route") commenced this action against Defendants Marc Heuberger, ElevatiONE, and Navidium App (collectively, "Defendants") on April 28, 2022, alleging breach of contract, commercial disparagement, intentional tortious interference with contractual relations, misappropriation of trade secrets, and contributory trademark infringement.[1] Concurrently, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction.[2] The Court set a hearing on Plaintiff's Motion on June 1, 2022.[3]

On May 17, 2022, Defendants filed a Notice of Limited Appearance arguing that Heuberger has not been served with the Summons and Complaint and that the Court lacks personal jurisdiction over him.[4] On May 19, 2022, Defendants filed a Motion to Strike the

---

[1] Docket No. 2.
[2] Docket No. 4.
[3] Docket No. 10.
[4] Docket No. 16.

hearing on Plaintiff's Motion until the Court confirmed personal jurisdiction,[5] and then filed a Motion to Dismiss for Lack of Jurisdiction on May 23, 2022.[6]

On May 24, 2022, the Court granted the Motion to Strike, and ordered Plaintiff to serve all Defendants within 14 days.[7] Now before the Court is Plaintiff's Motion for Alternative Service filed on May 26, 2022, which requests the Court to allow service by email to all Defendants.[8]

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 4(e)(1), the Court may allow service of process in accordance with the state where the district court is located. In Utah,

> If the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, if service upon all of the individual parties is impracticable under the circumstances, or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means. An affidavit or declaration supporting the motion must set forth the efforts made to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties.[9]

"To meet the reasonable diligence requirement, a plaintiff must take advantage of readily available sources of relevant information. A plaintiff who focuses on only one or two sources, while turning a blind eye to the existence of other available sources, falls short of this standard."[10] Thus, "[t]he reasonable diligence standard does not require a plaintiff to exhaust all

---

[5] Docket No. 22.

[6] Docket No. 25.

[7] Docket Nos. 26 and 27.

[8] Docket No. 28.

[9] Utah R. Civ. P. 4(d)(5)(A).

[10] *Jackson Constr. Co. v. Marrs*, 2004 UT 89, ¶ 20, 100 P.3d 1211.

possibilities to locate and serve a defendant. It does, however, require more than perfunctory performance."[11]

### III. DISCUSSION

Plaintiff requests the Court to approve service by email to Heuberger who resides in Tel Aviv, Israel; ElevatiONE which is incorporated in the United Kingdom; and Navidium App through the alter ego of Heuberger since Navidium is not an incorporated entity.[12] As of May 13, 2022, Plaintiff has initiated service in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention")[13] but argues that service in Israel can take one to four months, therefore, it is "impossible for Route to comply with the Court's May 24 order unless alternative service is permitted."[14] Plaintiff also argues that it attempted service to Heuberger by sending him an email with its Complaint and Motion for Temporary Restraining Order and Preliminary Injunction.

After a careful review of the record, the Court finds that Plaintiff's Motion for Alternative Service falls short of what is necessary under Utah law. Plaintiff has not filed an affidavit or declaration in accordance with Utah R. Civ. P. 4(d)(5)(A) setting "forth the efforts made to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties."[15] Further, the Court is not persuaded that service upon all of the Defendants is impracticable given that Plaintiff has already initiated service in accord with the

---

[11] *Id.* ¶ 19 (internal quotations marks and citations omitted).

[12] Docket No. 28 at 3.

[13] Docket No. 28-1 at 17. The Hague Service Convention is an internationally agreed means to serve individuals in a foreign country. The United States, the United Kingdom, and Israel are signatories of the Hague Service Convention.

[14] *Id.* at 7 (alteration in original).

[15] Utah R. Civ. P. 4(d)(5)(A).

3

Hague Service Convention. Without additional information, the Court will deny Plaintiff's Motion.

### IV.   CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Alternative Service (Docket No. 28) is DENIED without prejudice.

DATED this 1st day of June, 2022.

BY THE COURT

_____
Ted Stewart
United States District Judge
