IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROUTE APP, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>MARC HEUBERGER, ELEVATIONE, and NAVIDIUM APP,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br><br>Case No. 2:22-CV-291-TS-JCB<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants Marc Heuberger and Navidium App's Motion to Dismiss for Failure to State a Claim and Defendant Navidium App's Motion to Dismiss for Lack of Jurisdiction. For the following reasons, the Court will grant the Motion in part and deny it in part.

## I.       BACKGROUND

Unless stated otherwise, the following facts are taken from Plaintiff Route App, Inc.'s ("Plaintiff" or "Route") Complaint and are presumed true for the purposes of this Motion.

Route is a package tracking company that provides post-purchase services and products to e-commerce merchants.[1] To facilitate use of its products, Route is required to give merchants access to its confidential and proprietary information and trade secrets.[2] For this reason, merchant partners must agree to Route's Terms and Conditions.[3]

---

[1] Docket No. 2 ¶¶ 14, 17 (redacted).

[2] *Id.* ¶ 23.

[3] *Id.* ¶ 24.

ElevatiONE, an e-commerce cosmetics company, became a Route merchant partner[4] by and through Marc Heuberger, who purchased Route Protect on behalf of ElevatiONE.[5] After ElevatiONE and Heuberger ended their relationship with Route, Heuberger created the Navidium App, which offers e-commerce merchants a widget to charge their customers a premium to cover shipping issues.[6]

Route alleges that Navidium is "a copy-cat, knock-off version" of its product and commenced this action against Heuberger, ElevatiONE, and Navidium App (collectively, "Defendants"). Route brings claims for breach of contract, commercial disparagement, intentional tortious interference with contractual relations, misappropriation of trade secrets, and contributory trademark infringement against Defendants. Now before the Court is Heuberger and Navidium's Motion to Dismiss for Failure to State a Claim and Navidium's Motion to Dismiss for Lack of Jurisdiction.[7]

## II.     DISCUSSION

### A.   NAVIDIUM APP'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Navidium moves to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Under Rule 12(b)(2), the plaintiff bears the burden of showing that the Court has personal jurisdiction over each defendant.[8] Where, as here, there has been no

---

[4] *Id.* ¶ 34.

[5] *Id.* ¶ 35; *see* Docket No. 29 ¶ 3.

[6] Docket No. 2 ¶¶ 39, 41, 42.

[7] Docket No. 52.

[8] *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (citing *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069–70 (10th Cir. 2008)).

evidentiary hearing,[9] the plaintiff need only make a *prima facie* showing of personal jurisdiction.[10] If the defendant challenges the jurisdictional allegations, the plaintiff must support those allegations by competent proof of the supporting facts.[11] In evaluating the plaintiff's showing, "[t]he allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party."[12]

Navidium argues that the Court lacks jurisdiction over it under several theories. First, Navidium argues that it lacks the capacity to be sued as "an unregistered, unincorporated business entity"[13] under Federal Rule of Civil Procedure 17(b), which governs the capacity to sue or be sued.[14] However, Route correctly asserts that, under Rule 17(b), the "[c]apacity to be sued is determined . . . for all other parties, by the law of the state where the court is located."[15] Utah law states that

> a pleading need not allege: (A) a party's capacity to sue or be sued; (B) a party's authority to sue or be sued in a representative capacity; or (C) the legal existence of an organized association of persons that is made a party. . . To raise any of those issues, a party must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge.[16]

---

[9] Neither party has moved for an evidentiary hearing, so the Court may decide the motion on the pleadings (with attachments) and affidavits. *Id.*; Fed. R. Civ. P. 12(i).

[10] *Shrader*, 633 F.3d at 1239; *see Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (internal citation omitted).

[11] *Pytlik v. Pro. Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989) (internal citation omitted).

[12] *Wenz*, 55 F.3d at 1505 (internal quotation marks and citations omitted).

[13] Docket No. 52 at 5 (citing Docket No. 2 ¶ 8).

[14] Fed. R. Civ. P. 17(b).

[15] *Id.*

[16] Utah R. Civ. P. 9(a).

Here, Navidium has not made a specific denial or provided supporting facts of its alleged lack of capacity to be sued. Therefore, this argument fails.

Next, Navidium argues that it is not subjected to Route's forum selection clause because Navidium did not exist when Route's Terms and Conditions were presented to Heuberger. The Court agrees. Route's Terms and Conditions' forum selection clause has no bearing on Navidium, and Route has not pointed the Court to any legal authority that would suggest otherwise.

Finally, absent a forum selection clause, Navidium argues that it lacks minimum contacts to be subjected to personal jurisdiction in Utah. Route's Complaint invokes federal question and diversity jurisdiction. Whether a federal court has personal jurisdiction in a case arising under federal law begins with a two-step inquiry.[17] First, the Court must determine "whether any applicable statute authorizes the service of process on defendants."[18] Second, the Court must determine "whether the exercise of such statutory jurisdiction comports with constitutional due process demands."[19] Here, neither the Lanham Act[20] nor the Defense Against Trade Secrets Act[21] authorize nationwide service of process, so the Court turns to Federal Rules of Civil Procedure 4(k)(1)(A) which states that districts courts have personal jurisdiction over defendants according to the state where the district court is located.[22]

---

[17] *Dudnikov*, 514 F.3d at 1070.

[18] *Id.*

[19] *Id.*

[20] 15 U.S.C. §§ 1051 *et seq.*

[21] 18 U.S.C. § 1836.

[22] Fed. R. Civ. P. 4(k)(1)(A).

Utah's long-arm statute authorizes personal jurisdiction "over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution."[23] Therefore, the personal jurisdiction analysis collapses into one inquiry: whether exercising jurisdiction comports with due process.[24] This is also true in determining whether a federal court has personal jurisdiction over a defendant in a case arising under diversity jurisdiction.[25]

"[T]o exercise jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'"[26] Such "minimum contacts" may give rise to either general or specific personal jurisdiction.[27] "General jurisdiction, as its name implies, extends to any and all claims brought against a defendant."[28] "A state court may exercise general jurisdiction only when a defendant is 'essentially at home' in the State."[29] Specific jurisdiction, by contrast, applies when "in exchange for 'benefitting' from some purposive conduct directed at the

---

[23] Utah Code Ann. § 78B–3–201(3); *see also Starways, Inc. v. Curry,* 980 P.2d 204, 206 (Utah 1999) ("We have held that the Utah long-arm statute 'must be extended to the fullest extent allowed by due process of law.'") (quoting *Synergetics v. Marathon Ranching Co.*, 701 P.2d 1106, 1110 (Utah 1985)).

[24] *ClearOne Comm'n, Inc. v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011) (explaining that the personal jurisdiction inquiry under the Utah long-arm statute is a due process one).

[25] In determining whether a federal court has personal jurisdiction over a defendant in a case arising under state law, the court must determine (1) whether Utah law authorizes jurisdiction and (2) whether the exercise of jurisdiction comports with due process. *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009).

[26] *Dudnikov*, 514 F.3d at 1070 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

[27] *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 613 (10th Cir. 2012).

[28] *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (internal quotation marks and citations omitted).

[29] *Id.*

forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts."[30] The defendant must have taken some action "by which it purposefully avails itself of the privilege of conducting activities within the forum State" and the plaintiff's claims "must arise out of or relate to the defendant's contacts with the forum."[31]

Purposeful direction is found "where the defendant deliberately has engaged in significant activities within a State, or has created continuing obligations between himself and residents of the forum."[32] Navidium argues that it did not purposefully reach out to Utah: Route and Navidium did not negotiate or enter into any agreement; Navidium advertises its services on worldwide platforms not directed towards Utah; and Utah merchants were not targeted because of their presence in Utah. Put differently, Navidium argues that without a physical presence in Utah, its online presence is insufficient to establish minimum contacts. Route, however, argues that Navidium's ongoing defamation of Route and its solicitation of at least one former Route merchant partner based in Utah establish personal jurisdiction. The Court finds Route's arguments unpersuasive.

This Court has previously stated that

Because the internet operates in every state regardless of where the user is physically located, potentially rendering the territorial limits of personal jurisdiction meaningless, specific jurisdiction can be based only on the internet user or site *intentionally directing* his/her/its activity or operation *at* the forum state rather than just having the activity or operation accessible there.

. . .

---

[30] *Dudnikov*, 514 F.3d at 1078.

[31] *Ford Motor Co.*, 141 S. Ct. at 1024–25 (internal quotation marks and citations omitted).

[32] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985) (internal quotation marks and citations omitted).

> [P]osting allegedly defamatory comments or information on an internet site does not, without more, subject the poster to personal jurisdiction wherever . . . the subject of the posting may reside . . . courts look to indications that a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state.[33]

Here, Navidium's alleged defamatory internet posts about Route were not targeted towards Utah or indicate any specific connection to Utah.

Similarly, Navidium's alleged solicitation of at least one former Route merchant partner based in Utah, and Navidium's online advertising cannot establish specific jurisdiction. The Tenth Circuit has stated that "[a]n out-of-state defendant's continuous and deliberate exploitation of the forum state market may also satisfy the purposeful direction requirement."[34] Market exploitation includes "(a) high sales volume and large customer base and revenues and (b) extensive nationwide advertising or ads targeting the forum state."[35] Here, Navidium advertises on a worldwide platform. Route has not presented the Court with evidence that suggests that Navidium's advertisements are directed towards Utah.

Lastly, the Supreme Court has stated that "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."[36] Navidium's alleged solicitation of one Utah-based and former Route merchant partner is insufficient to establish specific jurisdiction where the record does not demonstrate that Navidium deliberately solicited Utah merchants because of their Utah presence. In sum, Route's allegations of Navidium's

---

[33] *Torres v. W. J. LLC*, No. 2:19-CV-00175-BSJ, 2020 WL 12182459, at *2 (D. Utah. Aug. 5, 2020) (quoting *Shrader*, 633 F.3d at 1240, 1244).

[34] *Old Republic Ins. Co. v. Con't Motors Inc.*, 877 F.3d 895, 905–06 (10th Cir. 2017) (internal quotation marks and citation omitted).

[35] *Id.* at 915.

[36] *Walden v. Fiore*, 571 U.S. 277, 286 (2014)

alleged wrongful conducts fails to demonstrate purposeful direction toward Utah. "[T]he mere fact that [Navidium's] conduct affected [Route] with connections to [Utah] does not suffice to authorize jurisdiction."[37] Based on the foregoing reasons, the Court finds that Route has failed to meet its burden in demonstrating that the exercise of personal jurisdiction over Navidium comports with due process. Thus, the Court will grant Navidium's Motion to Dismiss under Rule 12(b)(2).

### B.  DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Route argues that the Court should dismiss Defendants Heuberger and Navidium's Motion because "[a]ll arguments in the Motion were previously available to Heuberger when he filed [his Motion to Dismiss for Lack of Personal Jurisdiction]."[38] Route correctly argues that Federal Rule of Civil Procedure 12(g)(2) prohibits a moving party to "make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion," but Rule 12(h) allows the defendant to raise a legal defense in a pleading under Rule 7(a), in a motion under Rule 12(c), or at trial.[39] The Court may construe a 12(b)(6) motion as a Rule 12(c) motion "where doing so would serve the purpose of the Federal Rules: to secure the just, speedy, and inexpensive determination of every action and proceeding."[40] However, the Tenth Circuit has stated that construing a Rule 12(b)(6) as "a Rule 12(c) motion would have been

---

[37] *Id.* at 291.

[38] Docket No. 68 at 8; *see* Docket No. 25.

[39] Fed. R. Civ. P. 12(g)(2), (h)(2).

[40] *Billy v. Edge Homes*, No. 2:19-CV-00058-JNP-EJJ, 2020 WL 2572522, at *2 n.2 (D. Utah May 21, 2020) (internal quotation marks and citation omitted); *see also Lipari v. U.S. Bancorp NA*, 345 F. App'x 315, 317 (10th Cir. 2009) (finding that "the district court permissibly treated the defendants' second Rule 12(b)(6) as though it had been styled under 12(c)").

premature because the pleadings were not closed where the other two defendants filed Rule 12(b) motions and had not filed answers."[41]

Here, Heuberger has filed a second Rule 12(b) motion without filing an answer to Route's Complaint. Therefore, it would be premature to construe the Rule 12(b)(6) motion under Rule 12(c) and procedurally improper to consider Heuberger's second 12(b) motion. The Court will dismiss the Rule 12(b)(6) Motion without prejudice.

III.    CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 52) is GRANTED IN PART and DENIED IN PART as explained above.

DATED this 8th day of September, 2022.

BY THE COURT:

Ted Stewart
United States District Judge

---

[41] *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 809 n.3 (10th Cir. 2021).