Walter A. Romney, Jr. (7975)
CLYDE SNOW & SESSIONS
201 South Main Street, Suite 2200
Salt Lake City, UT 84111
Telephone/Facsimile: (801) 433-2456
WAR@ClydeSnow.com

Ellie J. Barragry, *pro hac vice*
FOX ROTHSCHILD LLP
Two22 Building, Suite 2000
222 South Ninth Street
Minneapolis, Minnesota 55402-3338
Telephone: (612) 607-7000
Facsimile: (612) 607-7100
ebarragry@foxrothschild.com

Richard I. Scharlat, *pro hac vice*
FOX ROTHSCHILD LLP
100 Park Avenue, 17th Floor
New York, NY  10178
Telephone: (212) 878-7900
Facsimile: (212) 692-0940
rscharlat@foxrothschild.com

***Attorneys for Defendants Marc Heuberger
and Navidium App***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROUTE APP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MARC HEUBERGER, and NAVIDIUM APP,<br><br>Defendants. | **DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RULING ON DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM AND LACK OF PERSONAL JURISDICTION**<br><br>Case No. 2:22-CV-00291-TS-JCB<br>**Judge Ted Stewart**<br>**Magistrate Judge Jared C. Bennett** |

## RELIEF SOUGHT AND GROUNDS FOR THE MOTION

Defendants Marc Heuberger ("Heuberger") and Navidium App ("Navidium") (collectively, "Defendants") move this Court for an order staying all discovery, including initial disclosures, until Defendants' Motions to Dismiss ("Motion") are decided.[1] Route App Inc.'s ("Route") recently-filed Amended Complaint restarted the litigation, but Route now wants to accelerate discovery before the validity of its claims are tested (or even answered) and before this Court decides whether it has jurisdiction over Navidium—having previously dismissed Navidium from the initial Complaint.[2] Specifically, Defendants are now challenging the Amended Complaint on 12(b)(6) grounds and Navidium is again challenging personal jurisdiction under Rule 12(b)(2), which is a motion that Navidium previously won when contesting a nearly identical pleading.[3]

Defendants submit that because the validity of Route's claims are being challenged, and especially because this Court has no jurisdiction over Navidium, a stay of discovery is appropriate and necessary to protect Defendants from the burdensome and unnecessary costs and expenses of discovery into claims that have no merit whatsoever.

## FACTUAL BACKGROUND

Heuberger is a dual citizen of Israel and the United States who has lived in Israel with his spouse and children since 2016.[4] The full extent of Heuberger's experience with

---

[1] Dkt. 94.

[2] Dkt. 78.

[3] Dkt. 70.

[4] Dkt. 25-1 ¶¶ 2-4.

Route was that in October 2020, Heuberger downloaded Route's App (the "App") in his capacity as a consultant for a client, "Elevatione The World Limited."[5] The App was used by ElevatiONE for approximately three months.[6] ElevatiONE (and thus Heuberger) discontinued using Route's services in January 2021 because the App did not perform to its satisfaction.[7]

After discontinuing the App, ElevatiONE switched to a different shipping protection application called EnGarde, which allowed ElevatiONE to offer its own delivery protection to customers at checkout.[8] ElevatiONE immediately experienced increased revenue from the self-funded shipping protection model.[9] Unfortunately, EnGarde ceased operating shortly after ElevatiONE began using it.[10] Heuberger was frustrated with the lack of options available once EnGarde suddenly shut down, so he looked for a similar alternative option for ElevatiONE to continue offering.[11]

In March 2021, with the help of a skilled developer, Heuberger succeeded in creating a basic version of what EnGarde offered for ElevatiONE.[12] The success of ElevatiONE with a self-service model was evident both while using EnGarde and with the

---

[5] *Id.* ¶¶ 11-12.
[6] *Id.* ¶ 14.
[7] *Id.*
[8] *Id.* ¶ 21.
[9] *Id.*
[10] *Id.*
[11] *Id.* ¶ 22.
[12] *Id.*

newly replaced custom-coded version.[13] Accordingly, in and around September 2021, Heuberger contacted a developer to explore building apps for Shopify.[14] Heuberger's first idea was to develop a format similar to EnGarde, which spawned the idea to create the Navidium technology.[15] Around early December 2021, the Navidium technology became available on Shopify.[16]

On April 28, 2022, Route initiated this lawsuit against Heuberger, Navidium, and ElevatiONE.[17] Route sought a temporary injunction premised primarily on allegations that: (1) Defendants misappropriated confidential information (Route has since abandoned these frivolous claims in the Amended Complaint); and (2) Heuberger and ElevatiONE (Route has abandoned all claims against ElevatiONE) violated Route Terms and Conditions.[18]

The Court denied Route's request for a TRO and preliminary injunction and later dismissed Navidium for lack of personal jurisdiction.[19] The Court declined to rule on the merits of Heuberger's 12(b)(6) arguments, instead stating that the proper procedural mechanism to review the merits of Route's claims would be via a Rule 12(c) motion.[20] Accordingly, on October 7, 2022, Heuberger—the sole remaining defendant at that time—

---

[13] *Id*.

[14] *Id*.

[15] *Id*.

[16] *Id*.

[17] Dkt. 2.

[18] *Id*.

[19] Dkt. 65; Dkt. 70 at 1-8.

[20] Dkt. 70 at 8-9.

4

filed that motion for judgment on the pleadings under Rule 12(c) seeking dismissal of all Route's claims.[21]

Thereafter, Route decided it needed to amend its shrinking Complaint. In the interests of efficiency and to streamline a review of the merits of Route's claims, Heuberger consented to Route's request to file an Amended Complaint under Federal Rule of Civil Procedure 15(a)(2), reserving, and not waiving, all rights to seek its dismissal, including on jurisdictional grounds.[22] Route and Heuberger then filed a Stipulation Regarding Route's Amended Complaint on October 17, 2022.[23]

Route's Amended Complaint modified its claims by: (1) dropping its two causes of action based on misappropriation of trade secrets; (2) dropping Defendant ElevatiONE from this case;[24] (3) repleading personal jurisdiction over Navidium (though using essentially the same facts as alleged in the original Complaint); and (4) adding a Lanham Act claim for false advertisement.[25] Pursuant to the Stipulation, the Court granted Route leave to file its Amended Complaint and dismissed Heuberger's Rule 12(c) motion without prejudice as moot.[26]

---

[21] Dkt. 74.

[22] Dkt. 77.

[23] *Id*.

[24] Dkt. 27.

[25] Dkt. 77-2.

[26] Dkt. 82.

Until Defendants filed their Motions to Dismiss the Amended Complaint, Route's claims have never been tested under a Rule 12(b)(6) standard.[27] Furthermore, Route's attempt to replead jurisdiction over Navidium—doubling down on a theory that was previously rejected by this Court in dismissing Navidium under Rule 12(b)(2)—warrant no deviation from the Court's prior ruling.[28] That is, with the filing of the Amended Complaint, the validity of the claims and the Court's jurisdiction over the parties are strongly contested and are currently undecided.

On October 26, 2022, the Court set a Scheduling Conference for November 9, 2022.[29] On October 31, 2022, Defendants filed a Motion for Enlargement of Time to Serve Initial Disclosures because the Scheduling Conference was five days after the potential deadline for filing initial disclosures based on Heuberger's inoperative answer to Plaintiff's original Complaint.[30] Defendants requested an enlargement of time to serve initial disclosures until twenty days after resolution of the motions to dismiss, or at a minimum, until after the Scheduling Conference.[31] The Court granted Defendants' request in part and stayed the parties' exchange of initial disclosures under after the Scheduling Conference.[32]

At the eleventh-hour, on the evening before the Scheduling Conference, despite this Court's Order staying the exchange of initial disclosures, Route served its First Set of

---

[27] Dkt. 94.

[28] Dkt. 94 at 1-15; Dkt. 70 at 1-8.

[29] Dkt. 91; Dkt. 92.

[30] Dkt. 93 ¶ 18.

[31] *Id.*

[32] Dkt. 95.

Requests for Production of Documents on Defendants.[33] In so doing, Route seeks discovery on claims that will likely be dismissed, and from a party in Navidium that this Court has no jurisdiction over.

Serving discovery less than twenty-four hours before the Scheduling Conference is yet another example of Route's hardball tactics designed to steamroll a competitor out of business with costly litigation. Given the pending Motions to Dismiss, Navidium's prior dismissal from the initial Complaint, coupled with Route's litigation tactics, Defendants respectfully request that this Court stay all discovery until after the validity of the claims and the jurisdiction over the parties involved is decided by resolution of the pending motions.

## ARGUMENT AND AUTHORITIES

I. **The Court Should Stay Discovery Pending the Outcome of Defendants' Rule 12(b)(2) and 12(b)(6) Motions.**

District courts have "broad discretion to stay discovery to protect the parties from undue burden and expense and to promote judicial economy."[34] In deciding whether to grant a motion to stay pending resolution of a dispositive motion, courts consider factors such as:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.[35]

---

[33] *See* Ex. 1.

[34] *Martin v. SGT Inc.*, 2019 WL 12043488 at *1 (D. Utah Aug. 21, 2019).

[35] *Mitchell Int'l, Inc. v. HealthLift Pharmacy Servs., LLC*, 2022 WL 111126, at *2 (D. Utah Jan. 12, 2022) (granting motion to stay discovery).

The first three factors are applicable to this case and each weigh in favor of staying discovery pending a resolution of the Motions to Dismiss.

### A. Route Will Not be Prejudiced by Delay.

Route has no legitimate argument that it will be prejudiced by its self-inflicted delay. After the Court dismissed Navidium for lack of personal jurisdiction and Heuberger brought a motion for judgment on the pleadings, Route saw the proverbial "writing on the wall" and made the decision to amend its deficient pleading by dropping meritless misappropriation of trade secrets claims, and attempting to replead Navidium into this case using theory upon which this Court previously dismissed Navidium.[36] Route's do-over is the cause of the delay and is due to no fault on the part of Defendants.

Furthermore, Route is causing its own delay in failing to promptly respond to Defendants' most recent motions to dismiss. Route has been aware of Defendants' Rule 12(b)(6) arguments since Defendants filed their original Rule 12(b)(6) motion on July 8, 2022.[37] Route opposed that motion and told the Court not to address the merits because Defendants' motion should instead be brought under Rule 12(c).[38] When Heuberger filed a Rule 12(c) motion, Route changed course and sought leave to amend.[39]

Defendants now bring a 12(b)(6) motion to dismiss the Amended Complaint, which save for the abandoned misappropriation of trade secrets claims, largely tracks with the

---

[36] Dkt. 77; Dkt. 78; Dkt. 94.
[37] Dkt. 52.
[38] Dkt. 68 at 8-9.
[39] Dkt. 74; Dkt. 77.

original Rule 12(b)(6) motion. That is, aside from addressing Route's newest claim, **_Route has had Defendants' Rule 12(b)(6) brief for 124 days_**, and Route is taking their time to respond to a motion that has, for all intents and purposes, been filed before.[40]

It took Judge Stewart only twenty-five days from the close of briefing to decide Heuberger's motion to dismiss for lack of personal jurisdiction[41] and only twenty days from the close of briefing to issue an order dismissing Navidium.[42] If Route wanted a ruling to move this case along like they claim, they should have already filed their opposition to the present motion to dismiss. It is obvious that Route does not want a ruling on the merits, but instead wants to unnecessarily drive-up litigation costs in the interim.

Defendants submit that Route will not be prejudiced by any delay while threshold issues regarding legitimacy of the claims and jurisdiction are being decided.

### B. The Burden on Defendants is Immense and One-Sided.

The inequality of resources between Heuberger, an individual, and Route, a unicorn company valued at more than $1 billion is stark.[43] Route has used its resources to proceed down a meandering and meritless litigation path, which has caused Defendants to incur significant expenses when analyzing, responding to, and shutting down Route at nearly

---

[40] To say that Route is aware of Defendants' position is an understatement given that there are nearly one hundred docket entries in this case and the parties are still in the pleading stage. Route has kept their pen at the ready before, filing an early opposition brief to Heuberger's motion to dismiss for lack of personal jurisdiction only three days after the brief was filed. Dkt. 25; Dkt. 29.

[41] *Compare* Dkt. 33, *with* Dkt. 42.

[42] *Compare* Dkt. 69, *with* Dkt. 70.

[43] Dkt. 78 ¶ 18.

every turn.[44] Discovery is the largest and most expensive stage of litigation. Defendants submit that all parties need to know what claims (if any) and what parties (if any) remain before throwing open the doors to discovery. Route's insistence on commencing discovery when there is so much uncertainly contravenes Federal Rule of Civil Procedure 1, which requires "the just, speedy, and inexpensive determination of every action and proceeding."[45] Accordingly, Defendants submit that this proceeding would best be served by staying discovery pending a resolution of Defendants' motions to dismiss.[46]

      **C.    Staying Discovery Will Conserve Judicial Resources and Will More Quickly and Orderly Move This Case Toward Resolution.**

The defending parties and claims alleged will likely be materially changed after the Court decides Defendants' motions to dismiss.[47] As a result, the necessary discovery (if any) will need to be tailored to whatever allegations remain in the case. It is a waste of the parties' and the Court's time and resources to engage in discovery over claims that are contested at their inception. Defendants submit that staying discovery is the appropriate course.

---

[44] Dkt. 26; Dkt. 32; Dkt. 61; Dkt. 65; Dkt. 70; Dkt. 95.

[45] Fed. R. Civ. P. 1.

[46] *Yoder v. Kirkpatrick*, 2012 WL 516086, at *4 (D. Utah Feb. 15, 2012) ("Based on Plaintiff's demonstrated pattern of filing meritless and vexatious pleadings and motions the court finds that a stay is necessary."); *Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 797 (10th Cir. 2013) (noting that district courts may stay discovery pending a determination of motions to dismiss the complaint); *Benton v. Town of S. Fork & Police Dep't*, 553 F. App'x 772, 778 (10th Cir. 2014) (same).

[47] *See* Ex. 1 (*e.g.,* Reqs. 3, 4, and 5).

## CONCLUSION

For the foregoing reasons, Defendants request that the Court grant their motion.

Respectfully submitted this 9th day of November 2022.

>                   FOX ROTHSCHILD LLP
>                     Ellie J. Barragry
>                     Richard I. Scharlat
>
>                   CLYDE SNOW & SESSIONS
>
>                   */s/ Walter A. Romney, Jr.*
>                   Walter A. Romney, Jr.
>
>                   ***Attorneys for Defendants Marc Heuberger and Navidium App***

## CERTIFICATE OF COMPLIANCE

I, Walter A. Romney, Jr., in accordance with DUCivR 7-1(a)(5), certify that this document contains 2,115 words and complies with DUCivR 7-1(a)(4).

>                   */s/ Walter A. Romney, Jr.*
>                   Walter A. Romney, Jr. (7975)

## CERTIFICATE OF SERVICE

I, Walter A. Romney, Jr., an attorney, certify that on November 9, 2022, I caused the foregoing document to be filed in the above-captioned matter via the CM/ECF system, and served via electronic mail upon the following:

Jess M. Krannich
Jon Collier
Chris Mack
KIRKLAND & ELLIS LLP
jess.krannich@kirkland.com
jon.collier@kirkland.com
chris.mack@kirkland.com

>                   */s/ Walter A. Romney, Jr.*
>                   Walter A. Romney, Jr. (7975)