THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **ROUTE APP, INC.,**<br><br>Plaintiff.<br><br>v.<br><br>**MARC HEUBERGER and NAVIDIUM APP,**<br><br>Defendants. | **ORDER**<br><br>Case No. 2:22-cv-00291-TS-JCB<br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge Ted Stewart referred this case to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Route App, Inc.'s ("Route") Short Form Discovery Motion Regarding Defendant Heuberger's Deficient Responses to Plaintiff's First Set of Requests for Production.[2] The court heard oral argument on the motion on February 1, 2023.[3] For the reasons stated at the hearing, and based upon the analysis below, the court grants Defendant Marc Heuberger's ("Mr. Heuberger") objections to Route's Request for Production No. 10 ("RFP 10") and takes under advisement Request for Production No. 7 ("RFP 7"). The court also orders Mr. Heuberger to provide a production schedule for each Request for Production—except for RFP 7—on or before February 13, 2023 and extends the deadline to file any Motion to Amend Pleadings or Motion to Add Parties to March 17, 2023.

---

[1] ECF No. 6.
[2] ECF No. 122.
[3] ECF No. 126.

ANALYSIS

Under Fed. R. Civ. P. 34(b)(1), a request for production "must describe with reasonable particularity each item or category of items to be inspected" and "must specify a reasonable time, place, and manner for the inspection and for performing the related acts."[4] The request "may specify the form or forms in which electronically stored information is to be produced."[5] "Though what qualifies as 'reasonabl[y] particular' surely depends at least in part on the circumstances of each case, a discovery request should be sufficiently definite and limited in scope that it can be said 'to apprise a person of ordinary intelligence what documents are required and [to enable] the court . . . to ascertain whether the requested documents have been produced.'"[6]

Applying this standard, the court finds that RFP 10 fails to meet the reasonable particularity requirement and is overly broad on its face. RFP 10 seeks "[a]ll Documents and Communications related to your efforts to market, advertise, or sell Navidium's products or services, including any slide decks, advertisements, videos, flyers, social media posts or comments, recorded phone calls, and email pitches."[7] In his response filed December 8, 2022, Mr. Heuberger stated the following:

> Defendant objects on grounds that this request requires discovery from Navidium, from which discovery is stayed pursuant to the 11/23/22 Order. Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, in that it seeks all documents and communications related to marketing, advertising, and sale efforts regarding the Navidium App, whether or not such communications concern Route

---

[4] Fed. R. Civ. P. 34(b)(1)(A)–(B).

[5] Fed. R. Civ. P. 34(b)(1)(C).

[6] *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649–650 (10th Cir. 2008).

[7] ECF No. 122-1 at 7.

or whether the documents contain[] confidential and proprietary information. At a mutually agreeable time and place after execution and adoption of an ESI protocol and protective order, Defendant will produce all responsive, nonprivileged documents and communications related to Defendant's effort to market, advertise or sell the Navidium App that concern Route. [8]

RFP 10's lack of reasonable particularity is exactly the type of "kitchen sink request" that the Tenth Circuit Court of Appeals has cautioned against.[9] Providing "[a]ll Documents and Communications related to [Mr. Heuberger's] efforts to market, advertise, or sell Navidium's products or services"[10] would necessarily include an enormous amount of irrelevant information. "In overseeing document production, the court should . . . prevent indiscriminate, overly broad, or unduly burdensome demands . . . such as those for '*all* documents relating or referring to' a . . . claim . . . ."[11] Therefore, the court HEREBY GRANTS Mr. Heuberger's objections to RFP 10. Accordingly, now that the parties have agreed to an ESI Protocol,[12] in response to RFP 10, Mr. Heuberger will produce "all responsive, nonprivileged documents and communications related to Defendant's effort to market, advertise or sell the Navidium App *that concern Route*."[13]

RFP 7 seeks "[a]ll sales and accounting data related to the sale of Navidium's products and services, including sale reports, merchant account reports, sales projections or forecasts, Merchant or customer lists, balance sheets, ledgers, profit and loss statements, income

---

[8] ECF No. 122-2 at 10–11.

[9] *Regan-Touhy*, 526 F.3d at 650.

[10] ECF No. 122-1 at 6.

[11] *Id.*

[12] ECF No. 121.

[13] ECF No. 122-2 at 11 (emphasis added).

statements, or cash flow statements."[14] In his response filed December 8, 2022, Mr. Heuberger stated the following:

> Defendant objects on grounds that this request requires discovery from Navidium, from which discovery is stayed pursuant to the 11/23/2022 Order. Defendant objects to this Request as vague and overbroad in that it seeks "[a]ll sales and accounting data" for the named categories of documents and to data related to the category of "projections or forecasts." Defendant objects to this Request as overly broad and unduly burdensome and seeking information not relevant to this dispute, including because it seeks all "Merchant or customer lists" and broad swaths of financial information. At a mutually agreeable time and place after execution and adoption of an ESI protocol and protective order, Defendant will produce documents sufficient to show payments made by any former or existing Route Merchant Partner in connection with such Merchant Partner's use of the Navidium App, after Route provides Defendant with a list of its "Merchant Partners" so that Defendant can conduct this search.[15]

Based on the reasons stated on the record at the February 1, 2023 hearing, the court HEREBY TAKES UNDER ADVISEMENT RFP 7 and Mr. Heuberger's objections.

Further, to date, Mr. Heuberger has served his responses to Route's First Set of Requests for Production, but has produced no documents.[16] Accordingly, the court HEREBY ORDERS Mr. Heuberger to provide to Route a reasonable production schedule for each request—apart from RFP 7—on or before February 13, 2023.

Finally, given Route's filing of a Second Short Form Discovery Motion Regarding Defendant's Heuberger's Deficient Responses to Plaintiff's First Set of Interrogatories[17] and the

---

[14] ECF No. 122-1 at 6.

[15] ECF No. 122-2 at 9.

[16] ECF No. 122 at 2.

[17] ECF No. 125.

corresponding motion hearing set for February 28, 2023,[18] the court amends the current scheduling order[19] as follows:

    Last day to file Motion to Amend Pleadings: March 17, 2023

    Last day to file Motion to Add Parties: March 17, 2023

    IT IS SO ORDERED.

    DATED this 2nd of February 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[18] ECF No. 127.

[19] ECF No. 115.