# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| ROUTE APP, INC.,<br><br>Plaintiff.<br><br>v.<br><br>MARC HEUBERGER and NAVIDIUM APP,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-00291-TS-JCB<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Jared C. Bennett |

District Judge Ted Stewart referred this case to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Route App, Inc.'s ("Route") Short Form Discovery Motion Regarding Defendant Heuberger's Deficient Responses to Plaintiff's First Set of Requests for Production.[2] The court heard oral argument on the motion on February 1, 2023.[3] At the hearing, the court granted Defendant Marc Heuberger's ("Mr. Heuberger") objections to Route's Request for Production No. 10 ("RFP 10") and took under advisement Request for Production No. 7 ("RFP 7").[4] Based on the analysis below, the court GRANTS IN PART and DENIES IN PART Route's motion to compel a response to RFP 7.[5]

---

[1] ECF No. 6.

[2] ECF No. 122.

[3] ECF No. 126.

[4] ECF No. 128.

[5] ECF No. 122.

## LEGAL BACKGROUND

"The district court has broad discretion over the control of discovery . . . ."[6] With respect to the scope of discovery, Fed. R. Civ. P. 26(b)(1) provides: [7]

> Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Within the parameters set under Rule 26(b)(1), Fed. R. Civ. P. 34(b)(1) provides that a request for production "*must*" (1) "describe with reasonable particularity each item or category of items to be inspected" and (2) "specify a reasonable time, place, and manner for the inspection and for performing the related acts."[8] Rule 34(b)(1) also provides that a request "*may* specify the form or forms in which electronically stored information is to be produced."[9] "Though what qualifies as 'reasonabl[y] particular' surely depends at least in part on the circumstances of each case, a discovery request should be sufficiently definite and limited in scope that it can be said 'to apprise a person of ordinary intelligence what documents are required and [to enable] the court . . . to ascertain whether the requested documents have been produced.'"[10]

---

[6] *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

[7] Fed. R. Civ. P. 26(b)(1).

[8] Fed. R. Civ. P. 34(b)(1)(A)-(B) (emphasis added).

[9] Fed. R. Civ. P. 34(b)(1)(C) (emphasis added).

[10] *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649–650 (10th Cir. 2008).

Responding to a request under Rule 34(b)(2) consists of two parts. First, the responding party must provide a written response to each request within 30 days[11] of being served that states: (A) that inspection or production of the requested materials will be allowed;[12] and (B) when the inspection will be allowed or production will be made;[13] and/or (C) objections "with specificity" including an explanation of the reasons therefor;[14] and (D) whether any responsive materials are being withheld based on each objection.[15] In terms of describing the documents withheld as a result of an overbreadth objection, the Advisory Committee Note to the 2015 amendment of Rule 34 provides:[16]

> An objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad. Examples would be a statement that the responding party will limit the search to documents or electronically stored information created within a given period of time prior to the events in suit, or to specified sources. When there is such an objection, the statement of what has been withheld can properly identify as matters "withheld" anything beyond the scope of the search specified in the objection.

Second, separate from the above-referenced written response, the responding party must produce the requested documents "no later than the time for inspection specified in the request *or another reasonable time specified in the response.*"[17] In other words, if the request sets a

---

[11] Fed. R. Civ. P. 34(b)(2)(A). The parties can mutually agree to extend the 30-day deadline if doing so does not conflict with a court order. DUCivR 29-1(a).

[12] Fed. R. Civ. P. 34(b)(2)(B).

[13] *Id.*

[14] *Id.*

[15] Fed. R. Civ. P. 34(b)(2)(C).

[16] Fed. R. Civ. P. 34(b)(2)(B) advisory committee's note to 2015 amendment.

[17] Fed. R. Civ. P. 34(b)(2)(B) (emphasis added).

production date that is unreasonable under the circumstances, the response can specify a different "reasonable" production date. Each request may have a different "reasonable" production date based on the nature of the request and the effort and resources required to answer it, among other factors. Thus, Rule 34 helps the requesting party—and the court, if necessary—know: (1) whether the respondent will produce documents; (2) the specific reasons why the respondent will not produce documents; (3) what the respondent is withholding because of its objections; and (4) when production, if any, will occur.

### FACTUAL BACKGROUND

On November 8, 2022, Route served 13 requests for production of documents under Fed. R. Civ. P. 34 (collectively "Document Requests") on Mr. Heuberger.[18] Among these 13 requests, Route included RFP 7, which requested: [19]

> **REQUEST FOR PRODUCTION NO. 7**: All sales and accounting data related to the sale of Navidium's products and services, including sales reports, merchant account reports, sales projections or forecasts, Merchant or customer lists, balance sheets, ledgers, profit and loss statements, income statements, or cash flow statements.

Thirty days later, Mr. Heuberger provided his written response including objections to Route's document requests. Mr. Heuberger's response provided: [20]

---

[18] ECF No. 122-1.
[19] *Id.* at 6.
[20] ECF No. 122-2 at 9.

> **RESPONSE:** Defendant objects on grounds that this request requires discovery from Navidium, from which discovery is stayed pursuant to the 11/23/22 Order. Defendant objects to this Request as vague and overbroad in that it seeks "[a]ll sales and accounting data" for the named categories of documents and to data related to the category of "projections or forecasts." Defendant objects to this Request as overly broad and unduly burdensome and seeking information not relevant to this dispute, including because it seeks all "Merchant or customer lists" and broad swaths of financial information.
>
> At a mutually agreeable time and place after execution and adoption of an ESI protocol and protective order, Defendant will produce documents sufficient to show payments made by any former or existing Route Merchant Partner in connection with such Merchant Partner's use of the Navidium App, after Route provides Defendant with a list of its "Merchant Partners" so that Defendant can conduct this search.

Dissatisfied with Mr. Heuberger's response, Route filed the instant motion.[21] Route's motion contends that Mr. Heuberger's objections to RFP 7 are not well taken.[22] Route also contends that Mr. Heuberger fails to state which documents are being withheld because of the objection.[23] Route also argues that it should not have to provide a list of any "Merchant Partners" before Mr. Heuberger provides the response he indicated that he would provide.[24] Conversely, Mr. Heuberger contends that it is more efficient for Route to specify a list of merchants so that

---

[21] ECF No. 122.

[22] *Id.* at 3.

[23] *Id.*

[24] *Id.* Route's Document Requests define "Merchant Partner" as "merchants who at any time have used Route's products and/or services." ECF No. 122-1 at 4.

Mr. Heuberger can search his records for them.[25] The court addresses the parties' arguments below.

## ANALYSIS

Although Route's request for "[a]ll sales and accounting data related to the sale of Navidium's products and services" is overbroad, Mr. Heuberger's objection to RFP 7 recognized that there is a portion of the request that is not overbroad and is capable of a response.[26] Specifically, Mr. Heuberger recognizes that providing "documents sufficient to show payments made by any former or existing Route Merchant Partner in connection with such Merchant Partner's use of the Navidium App"[27] is not overbroad. As shown below, the court addresses each of Mr. Heuberger's objections and finds that only his overbreadth objection is well taken. Because the request is overbroad, Mr. Heuberger's limitation in its response is appropriate with one caveat: Route does not have to provide a list of Merchant Partners before Mr. Heuberger responds.

First, the court overrules Mr. Heuberger's objection that "this request requires discovery from Navidium, from which discovery is stayed pursuant to the 11/23/22 Order."[28] Regardless of how Navidium is structured–that is: whether Navidium is an entity or a technology–and regardless of the stay of discovery as to Navidium, Route is entitled to discovery of responsive documents within Mr. Heubeger's possession, custody, or control.[29] At the February 1, 2023

---

[25] ECF No. 124 at 2.

[26] Fed. R. Civ. P. 34(b)(2)(B) advisory committee's note to 2015 amendment.

[27] ECF No. 122-2 at 9.

[28] Id.

[29] Fed. R. Civ. P. 34(a)(1).

hearing, Mr. Hueberger's counsel conceded that at least some information about Route's former or existing merchant partners is within Mr. Heubeger's possession, custody, or control because Mr. Heuberger is the creator and owner of Navidium. Therefore, the court disagrees that RFP7 requires discovery from Navidium and overrules this objection to RFP 7.

Second, the court grants Mr. Heberger's objection that Route's request for "*[a]ll* sales and accounting data related to the sale of Navidium's products and services" is overbroad on its face.[30] As written, this request sweeps in a significant amount of potentially irrelevant information. However, by agreeing to provide documents regarding payments that any former or existing Route Merchant Partner made to Mr. Heuberger to use the Navidium App, Mr. Heuberger appears to recognize that RFP 7 is answerable so long as Route first provides Mr. Heuberger with a list of Route's "Merchant Partners" so that Mr. Heuberger can conduct this search.[31] But at the February 1, 2023 hearing, Mr. Heuberger's counsel conceded that at least some information about Route's former or existing merchant partners is knowable without first obtaining a list of Merchant Partners from Route. Because, at this point, Route is unwilling to provide Mr. Heuberger with a list of its former Merchant Partners so that Mr. Heuberger could perform a "match" process, the court orders Mr. Heuberger to produce what he stated he can at this stage: "documents sufficient to show payments made by any former or existing Route Merchant Partner in connection with such Merchant Partner's use of the Navidium App."[32]

---

[30] ECF No. 122-2 at 9 (emphasis added).

[31] *Id.*

[32] *Id.* Contrary to arguments of Mr. Heuberger's counsel at the hearing, the Federal Rules of Civil Procedure do not require Route to provide Mr. Heuberger with a list of Merchant Partners before Mr. Heuberger provides a response. Fed. R. Civ. P. 26(d)(3) provides that "[u]nless the parties

Finally, Route's requests are also proportional to the needs of this case. In making a proportionality determination, Rule 26 requires the court to consider, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit."[33] Here, the court finds that the requested information goes directly to the issues at stake in this case—namely whether Mr. Heuberger wrongfully took customers from Route and, if so, the earnings Mr. Heuberger obtained therefrom. Further, as discussed in the February 1, 2023 motion hearing, Navidium has been in existence for a little over a year, which temporally limits any search for responsive documents.[34] Therefore, the court concludes that the burden on Mr. Heuberger to produce this information does not outweigh its likely benefit.

Taken together, the court denies Route's motion to compel Mr. Heuberger to produce "[a]ll sales and accounting data related to the sale of Navidium's products and services"[35]

---

stipulate or the court orders otherwise . . . (A) methods of discovery may be used in any sequence and (B) discovery by one party does not require any other party to delay its discovery." Thus, Route does not have to produce discovery before Mr. Heuberger produces his if Route's Rule 34 request allows Mr. Heuberger to identify the documents that Route is looking for. Charles Alan Wright & Arthur R. Miller, 8B Fed. Prac. & Proc. Civ. § 2211 at 415 (3d ed. April 2022 update) (discussing the "reasonable particularity" requirement under Rule 34 and stating that "even a generalized designation should be sufficient when the party seeking discovery cannot give a more particular description and the party from whom discovery is sought will have no difficulty in understanding what is wanted."). Because Mr. Heuberger has specified that he can identify documents within his knowledge that are responsive to Route's request, providing those within his knowledge is all that is required.

[33] Fed. R. Civ. P. 26(b)(1).

[34] Route's Amended Complaint asserts that Mr. Heuberger created Navidium "in or around December 2021." ECF No. 78 at 15.

[35] ECF No. 122-1 at 6.

because this request is overbroad. However, as to Route's request for "Merchant or customer lists," the court orders Mr. Heuberger to "produce documents sufficient to show payments made by any former or existing Route Merchant Partner in connection with such Merchant Partner's use of the Navidium App"[36] based on Mr. Heuberger's current knowledge of the identities of Route's Merchant Partners.

## CONCLUSION AND ORDER

Therefore, IT IS HEREBY OREDERED that:

1. Route's Short Form Discovery Motion Regarding Defendant Heuberger's Deficient Responses to Plaintiff's First Set of Requests for Production is GRANTED IN PART and DENIED IN PART.[37]

2. Mr. Heuberger shall produce "sale reports, merchant account reports, sales projections or forecasts, Merchant or customer lists, balance sheets, ledgers, profit and loss statements, income statements, or cash flow statements"[38] within Mr. Heuberger's possession, custody, or control,[39] despite the ongoing stay of discovery as to Navidium.[40]

3. As to Route's request for "Merchant or customer lists," the court orders Mr. Heuberger to "produce documents sufficient to show payments made by any former

---

[36] ECF No. 122-2 at 9.

[37] ECF No. 122.

[38] ECF No. 122-1 at 6.

[39] Fed. R. Civ. P. 34(a)(1).

[40] ECF No. 111.

or existing Route Merchant Partner in connection with such Merchant Partner's use of the Navidium App."[41]

4. Mr. Heuberger shall provide to Route a reasonable production schedule for RFP 7 on or before February 24, 2023.

5. The court declines to award expenses under Fed. R. Civ. P. 37(a)(5)(C) because the arguments for and against Route's motion were substantially justified in that they had reasonable basis in law and fact.

IT IS SO ORDERED.

DATED this 17th day of February 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[41] ECF No. 122-2 at 9.