THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ROUTE APP, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MARC HEUBERGER and NAVIDIUM APP,<br><br>　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-00291-TS-JCB<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Jared C. Bennett |

District Judge Ted Stewart referred this case to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Route App, Inc.'s ("Route") Short Form Discovery Motion Re: Match List Designation.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary, and, therefore, decides the motion on the written memoranda. Based upon the analysis set forth below, the court grants Route's motion that the parties' Match Lists be designated as Confidential.

---

[1] ECF No. 6.

[2] ECF No. 201.

ANALYSIS

The court orders that the parties' Match List[3] be designated as Confidential rather than Confidential – Attorneys Eyes Only ("CAEO"). Defendant Marc Heuberger ("Mr. Heuberger") has not demonstrated that good cause exists to designate the Match List as CAEO nor that disclosure of the Match List to limited Route personnel under a Confidential designation would result in harm to Mr. Heuberger. Therefore, the court grants Route's motion.

This court has adopted the Standard Protective Order ("SPO"), which applies to every civil case that is filed in this district.[4] The SPO requires disclosure of even confidential information in a "specified way."[5] Parties can designate discovery "Confidential" or "Confidential – Attorneys Eyes Only." To be CAEO, the discovery material must be "protected information" (i.e., confidential or proprietary technical, scientific, financial, business, health, or medical information). Additionally, to warrant a CAEO designation, the "protected information" must be "past, current, or future" that includes five categories: (1) sensitive technical information; (2) sensitive business information; (3) competitive technical information; (4) competitive business information; and (5) "any other protected information the disclosure of which to non-qualified people . . . would likely cause harm."[6] The wording of the fifth category

---

[3] A list Route will create that identifies the overlapping merchants appearing on both parties' customer lists. At a motion hearing held on February 28, 2023, the court ordered the parties to simultaneously exchange their respective customer lists to begin facilitating the Match List process. ECF No. 142 at 2; ECF No. 159 at 75:17-24. The individual customer lists both parties produced on March 21, 2023 were designated CAEO. Mr. Heuberger asserts that the Match List should also receive CAEO treatment. ECF No. 217.

[4] DUCivR 26-2.

[5] Fed. R. Civ. P. 26(c)(1)(G).

[6] SPO, ¶ 2(b) (emphasis added) (capitalization omitted).

of CAEO information shows that categories (1)-(4) are also linked to Rule 26's requirement to show "harm" to protect discovery material. Accordingly, based on Rule 26 and the SPO itself, to properly designate discovery material CAEO, the party seeking protection must establish that: (1) the material is "protected information"; (2) the material falls into one of the five CAEO categories; and (3) releasing the protected information without the CAEO designation would cause harm to the releasing party.[7] Even if the information qualifies as "protected information" in one of the five CAEO categories, the party resisting discovery "must do more than simply allege that the documents are proprietary and confidential."[8] In addition, the party seeking protection must "set forth specific facts showing good cause, not simply conclusory statements."[9]

      Although the Match List is competitive business information, Mr. Heuberger has not demonstrated that disclosure of the names of the merchants that overlap between the customer lists shared by Route and Navidium to those other than counsel would cause harm to Mr. Heuberger. This court has previously determined that protecting customer names from a competitor alleviates risk of competitive disadvantage to the disclosing party.[10] Nevertheless, where, as here, the Match List contains the names of customers that belong to *both* Route and Navidium, the risk of competitive disadvantage to the disclosing party does not exist. Therefore,

---

[7] *Id.*

[8] *JTS Choice Enters., Inc. v. E.I. Du Pont De Nemours & Co.*, No. 11-CV-03143, 2013 WL 791438, at *2 (D. Colo. Mar. 4, 2013).

[9] *Id.*

[10] *Ivanti, Inc. v. Staylinked Corp.*, No. 2:19-cv-00075-RJS-JCB, 2021 WL 3406391, at *3 (D. Utah Aug. 4, 2021).

disclosing this list to those other than counsel is unlikely to cause competitive disadvantage because the names on the list are already on Route's customer list and known to Route.

Mr. Heuberger argues that "Route's undisputed misconduct during the litigation . . . makes the sequestering of the names of Navidium merchants from Route even more paramount."[11] Mr. Heuberger then goes on to list actions that Route personnel have allegedly taken throughout litigation that "borders on corporate espionage."[12] These allegations do not represent good cause to designate the Match List as CAEO.

Additionally, the court concludes that appointing a third-party to analyze the Match List for litigation purposes would be inefficient and costly. The issue of identifying overlapping merchants has been an issue for at least seven months[13] and must be resolved for discovery to proceed. Moreover, Route has agreed to limit the Route personnel who may view the Match List to Route's in-house counsel and IT staff working under their direction to aid in the collection of documents and information.[14] The court so orders this stipulated limitation as part of the protective order in this case for this particular Match List information and will hold Route accountable if this order is violated. Accordingly, the court orders that the Match List be designated as Confidential.

---

[11] ECF No. 215 at 2.

[12] ECF No. 215 at 2.

[13] ECF No. 122 at 3.

[14] ECF No. 201-1 at 2.

## CONCLUSION AND ORDER

Based upon the foregoing analysis, it is HEREBY ORDERED:

1. Route's Short Form Discovery Motion Re: Match List Designation[15] is GRANTED.

2. The parties' Match List shall be designated as Confidential.

3. The Route personnel who may view the Match List is limited to Route's in-house counsel and IT staff working under their direction to aid in the collection of relevant documents and information.

IT IS SO ORDERED.

DATED this 18th day of August 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[15] ECF No. 201.