# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| ROUTE APP, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MARC HEUBERGER; and ATIQUR RAHMAN,<br><br>    Defendants.<br><br>MARC HEUBERGER,<br><br>    Counterclaimant and Third-Party Plaintiff,<br><br>v.<br><br>ROUTE APP, INC.,<br><br>    Counterclaim Defendant,<br><br>and<br><br>TRAVIS ROBINSON; BRAD PEARSON; and SAFE ORDER SOLUTIONS, LLC,<br><br>    Third-Party Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-00291-TS-JCB<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Jared C. Bennett |

District Judge Ted Stewart referred this case to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant/Counterclaimant/Third-

---

[1] ECF No. 6.

Party Plaintiff Marc Heuberger's ("Mr. Heuberger") Short Form Discovery Motion to Quash Subpoenas Route Intends to Issue.[2] The court heard oral argument on this motion on January 17, 2023 and, afterward, took the motion under advisement.[3] Based upon the analysis set forth below, the court DENIES Mr. Heuberger's Motion.[4]

## BACKGROUND

On December 22, 2023, Plaintiff Route App, Inc. ("Route") served notice of its intent to serve subpoenas on Shopify, Inc. ("Shopify"), WooCommerce, Inc. ("WooCommerce"), BigCommerce Holdings, Inc. ("BigCommerce"), and ElevatiONE The World Limited ("ElevatiONE").[5] In the subpoenas directed at Shopify, WooCommerce, and BigCommerce, Route seeks, in relevant part:

> (2) Documents and communications during the Relevant Time Period with or regarding Marc Heuberger's HolaBeleza, PromoPirates.com, and Dynamic App applications that are available on Your platform, including any representations by Marc Heuberger related to the HolaBeleza, PromoPirates.com, and Dynamic App's applications, technologies, capabilities, or customers, as well as the classifications or categorization of HolaBeleza, PromoPirates.com, and Dynamic App applications on Your platform.[6]
>
> (3) Financial and accounting documents and communications related to Your relationship with Marc Heuberger and Atiqur Rahman (sometimes referred to as Jason Fern), the Navidium App, HolaBeleza, PromoPirates.com, or Dynamic App during the Relevant Time Period, including but not limited to any documents or communications related to Your collection of revenues from users' installations of the Navidium App, HolaBeleza, PromoPirates.com, and Dynamic App, any costs or fees incurred by You related to Marc Heuberger, Atiqur Rahman (sometimes referred to as Jason Fern), or the Navidium App during the Relevant Time Period,

---

[2] ECF No. 376.

[3] ECF No. 382.

[4] ECF No. 376.

[5] ECF No. 376-1 at 10.

[6] ECF No. 376-2 at 9-10, 19-20, 29-30.

and any remunerations made by You to Marc Heuberger, Atiqur Rahman (sometimes referred to as Jason Fern), or the Navidium App during the Relevant Time Period, related to installations of the Navidium App via Your platform.[7]

In the subpoenas directed at ElevatiONE, Route seeks, in relevant part:

(3) Documents sufficient to show all payments You made to Marc Heuberger during the Relevant Time Period.[8]

(8) Documents and communications related to Your and/or Marc Heuberger's development of any other software or application used (i) to collect shipping protection or shipping insurance fees from your customers during checkout and/or (ii) for processing and handling customer claims related to shipping protection or shipping insurance purchased by Your customers.[9]

Mr. Heuberger notified Route that he objected to these portions of the subpoenas.[10] Specifically, in a meet and confer, Mr. Heuberger asserted that he has a personal right or privilege with respect to any documents or information regarding HolaBeleza, PromoPirates.com, and Dynamic App (the "Other Apps"), and that "there [are] no legitimate grounds to obtain these documents or related information at this juncture of the litigation as opposed to a supplementary proceeding."[11] Mr. Heuberger stated that the "same analysis would apply" to the portion of the ElevatiONE subpoena that seeks documents showing all payments ElevatiONE made to Mr. Heuberger during the Relevant Time Period.[12]

---

[7] ECF No. 376-2 at 10, 20, 30.

[8] ECF No. 376-2 at 39.

[9] ECF No. 376-2 at 39-40.

[10] ECF No. 376-1 at 9.

[11] ECF No. 376-1 at 3.

[12] ECF No. 376-1 at 3.

3

In summarizing the parties' meet and confer, Route interpreted Mr. Heuberger's challenges to these subpoenas as relevance objections and noted that this court has previously ruled that parties lack standing to challenge third-party subpoenas on the basis of relevance.[13] Route asserted that the documents concerning the Other Apps are relevant because (1) Mr. Heuberger identified HolaBeleza in his interrogatory responses as a company in which he has an ownership interest and that sells physical products, and, thus, this information is relevant to Mr. Heuberger's representations that he is a merchant; (2) both PromoPirates and the Dynamic App are apps Mr. Heuberger markets under the Ecom Propeller "brand" under which the Navidium App ("Navidium") is also marketed; and (3) many of the email addresses Mr. Heuberger has used and identified in this litigation contain the Ecom Propeller email domain.[14] Route also argued that the documents sought from ElevatiONE about payments made to Mr. Heuberger during the course of their relationship are relevant to the scope of Mr. Heuberger's relationship with ElevatiONE and relevant to the statements Mr. Heueberger allegedly made in his Navidium marketing efforts that he was a merchant and "ran" ElevatiONE. Additionally, Route stated that the documents sought related to Mr. Heuberger/ElevatiONE's development of a shipping protection app are "clearly relevant" to the parties' claims and defenses.[15]

Unable to agree on these issues, Mr. Heuberger filed the instant motion to quash the aforementioned portions of these subpoenas.[16] Route opposed the motion.[17]

---

[13] ECF No. 156 at 3-4.

[14] ECF No. 376-1 at 5.

[15] ECF No. 376-1 at 5.

[16] ECF No. 376.

[17] ECF No. 381.

## LEGAL STANDARDS

"The district court has broad discretion over the control of discovery . . . ."[18] With respect to the scope of discovery, Fed. R. Civ. P. 26(b)(1) provides:

> Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 45, which establishes the standards for issuing and quashing subpoenas directed at non-parties, is subject to the parameters of Rule 26(b)(1). Upon timely motion, pursuant to Rule 45, a court *must* quash or modify a subpoena if the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."[19] A court *may*, on motion, quash or modify a subpoena if it requires, "(i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party."[20]

---

[18] *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

[19] Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

[20] Fed. R. Civ. P. 45(d)(3)(B)(i)-(ii).

"Generally, a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena."[21] However, "even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden and on the grounds of over[]br[eadth] and relevance."[22]

Although "[i]rrelevance [is] not contained within Rule 45's list of enumerated reasons for quashing a subpoena[,] [i]t is well settled [] that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34."[23] Therefore, even in cases where a moving party lacks standing to challenge a third-party subpoena, the court may exercise its inherent authority to limit irrelevant or non-proportional discovery requests under Rule 26(b)(2)(C).[24]

---

[21] *Ennis v. Alder Prot. Holdings, LLC*, 2022 WL 4290099, at *2 (D. Utah Sept. 16, 2022).

[22] *Hutchinson v. Kamauu*, No. 2:20-CV-00796-RJS-DAO, 2022 WL 180641, at *2 (D. Utah Jan. 20, 2022) (quoting *Zoobuh, Inc. v. Rainbow Int'l Corp.*, No. 2:14-CV-00477, 2015 WL 2093292 at *2 (D. Utah May 5, 2015) (both involving post-judgment collection efforts, not requested discovery pre-judgment). However, *see also Sparkman v. Liberty Mut. Fire Ins. Co.*, No. CIV-20-710-R, 2021 WL 1646653, at *4 (W.D. Okla. Apr. 27, 2021) ("A party has no standing to attempt to quash a subpoena served on a third party except as to claims of privilege or upon a showing that a privacy interest is implicated."); *Scott v. Antero Res. Corp.*, No. 1:17-CV-00693-WJM-SKC, 2020 WL 7212169, at *2 (D. Colo. Feb. 6, 2020) ("Objections unrelated to a claim of privilege or privacy are not proper bases upon which a party may quash a third-party subpoena."); *Howard v. Segway, Inc.*, No. 11-CV-688-GKF-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (same); *Richards v. Convergys Corp.*, No. 2:05-CV-00790-DAK, 2:05-CV-00812-DAK, 2007 WL 474012, at *1 (D. Utah Feb. 6, 2007) (same).

[23] *Stewart v. Mitchell Transp.*, No. 01-2546-JWL, 2002 WL 1558210, at *3 (D. Kan. July 11, 2022).

[24] Fed. R. Civ. P. 26(b)(2)(C)(iii) (explaining that the court "must limit the frequency or extent of discovery" if the court determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1)).

6

## ANALYSIS

Mr. Heuberger has demonstrated that he has a personal right or privilege to object to the subpoenas directed at Shopify, WooCommerce, and BigCommerce concerning the Other Apps, as well as the subpoena directed at ElevatiONE. Accordingly, Mr. Heuberger has standing to quash or modify the subpoenas as requested. However, Mr. Heuberger has not satisfied his burden under Rule 45(c)(3)(B)(I) of demonstrating that the disclosure of the information requested in the subpoenas would be harmful. Additionally, the information sought in the subpoenas is relevant to the claims and defenses in this case. Accordingly, the court denies Mr. Heuberger's motion to quash. The court begins by addressing (I) the Shopify, BigCommerce, and WooCommerce subpoenas and then discusses (II) the ElevatiONE subpoena.

### I.  Shopify, WooCommerce, and BigCommerce Subpoenas

The court denies Mr. Heuberger's motion to quash based upon the following: (A) Although Mr. Heuberger has standing to quash or modify the subpoenas directed at Shopify, WooCommerce, and BigCommerce seeking documents concerning the other apps; (B) Mr. Heuberger has not satisfied his burden to quash the subpoenas under Rule 45(c)(3)(B)(I); and, in any event, (C) the information Route seeks in the Shopify, WooCommerce, and BigCommerce subpoenas is relevant to the claims and defenses in this case and therefore discoverable. Each issue is discussed in order below.

### A. <u>Mr. Heuberger Has Standing to Quash or Modify the Subpoenas Directed at Shopify, WooCommerce, and BigCommerce Seeking Documents Concerning the Other Apps.</u>

Mr. Heuberger has standing to move to quash or modify the subpoenas directed at Shopify, BigCommerce, and WooCommerce because he has established a personal right or privilege with respect to the documents and communications concerning the Other Apps. Mr.

Heuberger represents that the information sought in these subpoenas will necessarily contain Mr. Heuberger's personal information[25] and that disclosure of financial, code-based data, and other proprietary information for the Other Apps, of which he has a partial ownership interest in, would pose a threat to the Other Apps's competitive advantage.[26] The court concludes that this gives Mr. Heuberger a personal right with respect to the information sought in the subpoenas and, consequently, Mr. Heuberger has standing to move to quash the subpoenas.

### B. Mr. Heuberger Has Not Satisfied His Burden Under Rule 45(c)(3)(B)(I).

Although Mr. Heuberger has shown he has standing to challenge the subpoenas directed at Shopify, WooCommerce, and BigCommerce, he has not satisfied his burden to quash the subpoenas under Fed. R. Civ. P. 45(c)(3)(B)(I). The court may quash or modify a subpoena if the subpoena requires disclosure of "a trade secret or other confidential research, development, or commercial information."[27] The party moving to quash a subpoena under Rule 45(c)(3)(B)(I) has the burden to establish that the information sought is confidential and that its disclosure will result in a *clearly defined and serious injury* to the moving party.[28] Mr. Heuberger's statements about potential competitive and economic harm resulting from the disclosure of this information to Route are all conclusory and are insufficient to carry his burden under Rule 45(c)(3)(B)(I).

Mr. Heuberger asserts that the subpoenas directed at Shopify, WooCommerce, and BigCommerce seek confidential commercial information regarding the Other Apps and

---

[25] ECF No. 376 at 3.
[26] ECF No. 376-3 at 4-5.
[27] Fed. R. Civ. P. 45(c)(3)(B)(i).
[28] *Stewart*, 2002 WL 1558210, at *8 (emphasis added).

disclosure of this information to Route will cause "serious injury to [his] business prospects for the Other Apps."[29] Mr. Heuberger states that, if provided to Route, information about the Other Apps would "pose an absolute threat to the privacy and security of the [Other Apps], including removing competitive advantage that [the Other Apps] [have] over any other competitors."[30] Mr. Heuberger also claims that "the financial records, code, and other documents and information that Route seeks regarding the Other Apps are considered to be confidential and proprietary data that we take great pains to protect by not providing any such data to anyone outside of the development team employees or contracted providers on a need to know basis."[31] This does not constitute a clearly defined and serious injury that might result from disclosure of this information, and Mr. Heuberger's lack of specificity is fatal to his motion to quash.[32]

      C. <u>The Information Route Seeks in the Subpoenas Directed at Shopify, WooCommerce, and BigCommerce is Relevant and Discoverable.</u>

The information Route seeks in the Shopify, WooCommerce, and BigCommerce subpoenas is relevant to the claims and defenses in this case and therefore discoverable. Route argues that documents concerning the Other Apps in which Mr. Heuberger has an ownership interest are relevant to Mr. Heuberger's representations that he is a merchant[33] and, therefore, are

---

[29] ECF No. 376-3 at 4.

[30] ECF No. 376-3 at 4-5.

[31] ECF No. 376-3.

[32] Competitive harm is unlikely because of the Standard Protective Order that applies in this action even to Rule 45 subpoenas. Materials produced from these entities that may reveal protected information can be marked "Confidential" or "Confidential Attorney's Eyes Only." Counsel for Route made clear at oral argument that materials that are Confidential Attorney's Eyes Only are not shared with counsel at Route. This weakens the prospect of competitive harm.

[33] ECF No. 376-1 at 5.

also relevant to Route's false advertising claims under the Lanham Act.[34] Furthermore, Route asserts that the Other Apps and Navidium are both marketed under the "brand" Ecom Propeller. Route believes that the Other Apps under the Ecom Propeller brand are offered to merchants who are offered Navidium[35] and, therefore, information about the Other Apps is relevant to Route's breach of contract and tortious interference with contractual relations claims, which assert Mr. Heuberger is soliciting Route merchant partners and encouraging them to terminate their relationship with Route.[36] The court agrees that this information is relevant enough to be discoverable.

Nevertheless, Mr. Heuberger contends that information related to the Other Apps is irrelevant[37] because the Other Apps are nothing like any of Route's products and, therefore,

---

[34] ECF No. 327 at 62-65.

[35] ECF No. 376-1 at 5.

[36] ECF No. 327 at 58-62.

[37] Mr. Heuberger relies heavily on *Ennis v. Alder Prot. Holdings, LLC*, 2022 WL 4290099, at *3 (D. Utah Sept. 16, 2022) to argue that he has standing to make relevance objections to these third-party subpoenas. In *Ennis*, the court discussed that a Rule 45 subpoena falls within the scope of discovery under Rule 26 and, therefore, to be enforceable, a subpoena must seek information that is relevant to a party's claims or defenses and proportional to the needs of the case. The court agrees that Rule 26 is implicated in evaluating a Rule 45 motion to quash, but it is because it is within the court's inherent authority to manage and limit discovery pursuant to Rule 26, not because relevance is a challenge Mr. Heuberger can make to a third-party subpoena. Previously cited cases in the United States Court of Appeals for the Tenth Circuit have made clear that objections unrelated to any right of privilege are improper when challenging a third-party subpoena. This would have been different had Mr. Heuberger instead filed a Rule 26(c) motion for protective order. *See, e.g.*, *Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*, No. 22-859, 643 F.Supp.3d 613, 618 (E.D. La. Dec. 2, 2022) ("Although a party does not have standing under Rule 45 to challenge burden or relevance in the absence of a personal right or privilege with respect to the materials subpoenaed, a party does have standing to challenge relevance under Rule 26(c)."). However, Mr. Heuberger's ability or inability to challenge relevance is of no matter because the court has considered whether the subpoena seeks relevant information and has determined that it does.

cannot infringe upon them.[38] The court finds that Mr. Heuberger's ability to distinguish the Other Apps from Route does not make information related to the Other Apps irrelevant to the claims and defenses here. Route has provided a logical explanation as to why this information is relevant to the claims and defenses here, and the burden for producing that information does not appear to be unduly burdensome.

## II. ElevatiONE Subpoena

The court denies Mr. Heuberger's motion to quash because: (A) Although Mr. Heuberger has standing to quash or modify the subpoena directed at ElevatiONE; (B) Mr. Heuberger has not satisfied his burden to quash the subpoena under Rule 45(c)(3)(B)(I); and, in any event (C) the information Route seeks in the ElevatiONE subpoena is relevant to the claims and defenses in this case and therefore discoverable. Each issue is discussed in order below.

### A. Mr. Heuberger Has Standing to Quash or Modify the Subpeona Directed at ElevatiONE.

Mr. Heuberger also has standing to move to quash or modify the subpoena directed at ElevatiONE because he has established a personal right or privilege with respect to the documents and communications Route seeks from ElevatiONE. The subpoena seeks documents related to payments ElevatiONE made to Mr. Heuberger during the course of their relationship[39] as well as Mr. Heuberger's "development of any other software or application used (i) to collect shipping protection or shipping insurance fees from [ElevatiONE] customers during checkout and/or (ii) for processing and handling customer claims related to shipping protection or shipping

---

[38] ECF No. 376-3.
[39] ECF No. 376-2 at 39.

insurance purchased by [ElevatiONE] customers."[40] The court agrees that Mr. Heuberger has a privacy interest related to his compensation from ElevatiONE and a propriety interest in his development of any other software or application. Accordingly, Mr. Heuberger has standing to challenge the subpoena directed at ElevatiONE.

B. Mr. Heuberger Has Not Satisfied His Burden Under Rule 45(c)(3)(B)(I).

Although Mr. Heuberger has shown he has standing to challenge the subpoena directed at ElevatiONE, he has not satisfied his burden to quash the subpoena under Fed. R. Civ. P. 45(c)(3)(B)(I) because he has again failed to provide a clearly defined and serious injury that might result from disclosure of this information. Mr. Heuberger states that "documents and communications related to [ElevatiONE] and/or [Mr. Heuberger's] development of any other software or application" "seeks competitive commercial information"[41] without any specificity about what harm might result from its disclosure. Further, he states that his compensation from ElevatiONE is his "private business."[42] This is clearly insufficient to meet his burden under Rule 45(c)(3)(B)(i).

C. The Information Route Seeks in the Subpoena Directed at ElevatiONE are Relevant and Discoverable.

Even assuming *arguendo* that Mr. Heuberger could challenge relevance, the information Route seeks in the subpoena aimed at ElevatiONE is directly relevant to the claims and defenses in this case. Route alleges that Mr. Heuberger "came up with the idea of Navidium while serving as an agent for ElevatiONE, a former merchant partner of Route's" and "[i]n his role as an agent

---

[40] ECF No. 376-2 at 39-40.

[41] ECF No. 376-3 at 6.

[42] ECF No. 376-3 at 6.

for ElevatiONE, [Mr. Heuberger] agreed to Route's Terms and Conditions" that he allegedly later violated through unlawful solicitation of Route's merchant partners, and the misuse of Route's confidential and proprietary information.[43] Mr. Heuberger's compensation from ElevatiONE is a relevant source for understanding Mr. Heuberger's relationship with ElevatiONE and relevant to the statements Mr. Heuberger allegedly made in his Navidium marketing efforts that he was a merchant and "ran" or owned ElevatiONE. This information is relevant to proving or disproving materiality in Route's false advertising claim under the Lanham Act. Therefore, the information is properly discoverable.

## CONCLUSION AND ORDER

Based upon the foregoing analysis, IT IS HEREBY ORDERED that Mr. Heuberger's Short Form Discovery Motion to Quash Subpoenas Route Intends to Issue[44] is DENIED.

IT IS SO ORDERED.

DATED this 26th day of January 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[43] *See, e.g.*, ECF No. 327 at 2.
[44] ECF No. 376.